UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY, SR.,

    Plaintiff,

v.                       CAUSE NO.: 3:18-CV-587-RLM-MGG

AUSTIN GRIGGS, et al.,

    Defendants.

OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed a vague complaint against Officer Austin Griggs and Officer J. Wright,[1] alleging that his rights were violated in conjunction with a prison disciplinary proceeding under DOC case number WCC 18-02-0088. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lacey alleges that he was disciplined as a result of a "fraudulent conduct report based on a frivolous lie derived from a [sic] unknown vendetta."

---

[1] Although Mr. Lacey indicates he is suing three defendants, his complaint lists only Officer Austin Griggs and Officer J. Wright.

(ECF 2 at 2). The complaint doesn't indicate who initiated the false charge. The complaint doesn't indicate what charge was brought against Mr. Lacey. And, the complaint doesn't explain what motivated the individual to make the false charge. The complaint does indicate that, as a result of the false charges, "the privilege of having 6 months reduced from [his] sentence was taken away." Thus, it appears Mr. Lacey was found guilty. It also appears that he will serve additional time as a result of this finding of guilt, but Mr. Lacey doesn't indicate precisely what discipline was imposed.

To the extent Mr. Lacey is alleging that the conduct report was brought against him for retaliatory reasons, his complaint doesn't state a claim on which relief can be granted. "Falsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." Perotti v. Quinones, 488 Fed. Appx. 141, 146 (7th Cir. Ind. 2012) (*citing* Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006)). An allegation of First Amendment retaliation requires a showing "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). In addition to not indicating who caused the false conduct report or why, Mr. Lacey hasn't identified any activity he engaged in that is protected by the First Amendment. Mr. Lacey can't proceed on a First Amendment retaliation claim.

Furthermore, Mr. Lacey alleges that he was wrongfully charged with a disciplinary offense and that his due process rights were violated during the course of the disciplinary hearing, but if he lost time credit that hasn't been restored, he can't pursue a claim for damages until the guilty finding is overturned. *See* Edwards v. Balisok, 520 U.S. 641, 643 (1997)("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.").

Mr. Lacey also seeks restoration of the time lost because of the fraudulent charges brought against him and due process violations. That relief can only be obtained through a petition for a writ of habeas corpus. Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (holding that § 2254 is the appropriate vehicle when contesting a loss of good-time credit). Because Mr. Lacey expressed a desire to challenge events that can only be challenged in a petition for habeas corpus, the court will direct the clerk to send him the paperwork to file such a case if he chooses to do so. Mr. Lacey shouldn't infer that the court has expressed any opinion as to the merits of such a claim nor the wisdom of filing such a case. If he files a petition for habeas corpus, he will either need to pay the $5.00 filing fee or seek in forma pauperis status.

While the complaint before the court doesn't state a claim on which relief can be granted, the court will give Mr. Lacey an opportunity to replead his claims. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-1023, 1025

3

(7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk send Terrance E. Lacey, Sr. a blank 28 U.S.C. § 2254 Habeas Corpus Petition Challenging a Prison Disciplinary Proceeding, A0 241(Rev 1/15)(INND Prison Disciplinary Rev. 8/16);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Terrance E. Lacey, Sr.;

(3) GRANTS Terrance E. Lacey, Sr. until **September 13, 2018**, to file an amended complaint on that form.

If Mr. Lacey doesn't respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint doesn't state a claim on which relief can be granted.

SO ORDERED on August 13, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT