UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY, SR.,

    Plaintiff,

v.     CAUSE NO.: 3:18-CV-587-RLM-MGG

AUSTIN GRIGGS, et al.,

    Defendants.

OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed an amended complaint[1] (ECF 10) alleging that Officer Austin Griggs lodged a false conduct report against him and that Officer J. Wright failed to provide him with a fair hearing on that conduct report. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] It is actually Mr. Lacey's second amended complaint. The first amended complaint (ECF 6) was entered on the docket by the Clerk's Office on August 14, 2018, the same day that this Court's August 13, 2018, screening order was entered.

On February 2, 2018, Officer Griggs conducted the daily pat-down search of inmates working in the kitchen. He reported that he found items in Mr. Lacey's coat - an allegation that Mr. Lacey denies. Mr. Lacey's lunch sack was searched and Officer Griggs found a leftover hamburger in the sack. Officer Griggs and Mr. Lacey disagree about whether he was permitted to have the leftover hamburger. As a result of the incident, Mr. Lacey was fired from his job. A prisoner doesn't have a liberty or property interest in a prison job, and depriving a prisoner of that job doesn't violate his procedural due process rights. DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000). Accordingly, Mr. Lacey can't state a claim upon which relief can be granted for being fired from his prison job.

Mr. Lacey further alleges that Officer Griggs lodged a false conduct report against him. As explained before, to the extent Mr. Lacey is alleging that the conduct report was brought against him for retaliatory reasons, his complaint does not state a claim upon which relief can be granted. "Falsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." Perotti v. Quinones, 488 Fed. Appx. 141, 146 (7th Cir. Ind. 2012) (*citing* Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006)). An allegation of First Amendment retaliation requires a showing "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012)

2

(quotation marks and citations omitted). Mr. Lacey hasn't identified any activity he engaged in that is protected by the First Amendment before the false conduct report being made. Thus, Mr. Lacey can't proceed on a First Amendment retaliation claim.

Mr. Lacey alleges that his due process rights were violated during the course of the disciplinary hearing. Lacey wanted to call a witness and present evidence at the hearing, but Officer J. Wright wouldn't allow it because the only penalty he received due to the conduct report was a written reprimand.[2] The due process clause doesn't apply if the inmate suffered no discipline other than a written reprimand. "The due process clause of the fourteenth amendment . . . applies only to deprivations of life, liberty, and property. Otherwise states are free to act summarily." Marion v. Radtke, 641 F.3d 874, 875 (7th Cir. 2011). Mr. Lacey hasn't stated a due process claim on which relief can be granted.

Mr. Lacey argues that he suffered more than a mere reprimand as a result of the false conduct report: in addition to losing his job, he lost the opportunity to benefit from time-cut privileges for six months. But "he has no due process interest in the opportunity to earn good time credits." Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996); *see also* Babcock v. White, 102 F.3d 267, 274 (7th Cir. 1996) ("[B]ecause good-time credits do not inevitably affect the

---

[2] The court doesn't read Mr. Lacey's complaint as alleging that one of the direct punishments resulting from the disciplinary conduct report was a loss of time credit. However, even if he did lose time credit, he indicates the loss of credit has not been restored, and he therefore cannot pursue a claim for damages until the guilty finding is overturned. *See* Edwards v. Balisok, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.").

3

duration of sentence, denying the opportunity to earn credits ... did not infringe on a protected liberty interest.)(citations and quotations omitted). Therefore, this does not state a claim on which relief can be granted, either.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted.

SO ORDERED on October 9, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT